UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
OZ GENERAL CONTRACTING CO., INC.,

                Plaintiff,

-against-

TIMESAVERS, INC.

                Defendant.
-------------------------------------------------------X

**ORDER**
11-CV-724 (SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  SEP 21 2012  ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

I.    Introduction

On March 1, 2010, Oz General Contracting Co., Inc. ("plaintiff") served a third-party complaint on Timesavers, Inc. ("defendant") in connection with an action in the Supreme Court of the State of New York. After the third-party action was severed and removed to this Court, plaintiff filed, with the consent of defendant, an amended complaint alleging breach of contract, breach of express warranty, breach of implied warranty, misrepresentation, and unjust enrichment (the "Complaint"). [Docket Entry No. 9]. Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry No. 12].

Presently before the Court is the Report and Recommendation (the "Report") of Magistrate Judge Arlene R. Lindsay, dated August 1, 2012, recommending that defendant's motion to dismiss be granted in its entirety and plaintiff be granted leave to file a second amended complaint with respect to plaintiff's breach of express warranty and misrepresentation claims. [Docket Entry No. 27]. Plaintiff filed a timely objection to the Report (the "Objection").

1

[Docket Entry No. 28]. For the following reasons, the Objection is overruled, and the Court accepts Magistrate Judge Lindsay's Report in its entirety and adopts it as an order of the Court.

II.	Review of the Report and Recommendation

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of New York, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 29, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F. Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); Baptichon v. Nevada State Bank, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

III.	Plaintiff's Objection

Plaintiff argues that Magistrate Judge Lindsay erred in holding that defendant's

disclaimer of the implied warranties of merchantability and fitness for a particular purpose in the contract is not unconscionable.[1] Specifically, plaintiff argues that the choice of law provision in the contract calling for the application of Minnesota law was waived by defendant and Magistrate Judge Lindsay thus "erred by not giving full consideration to the New York authorities in the parties' papers." Objection at 3. However, it is unnecessary to address whether the choice of law provision was waived, as the disclaimer is not unconscionable under New York law.

In New York, "[a] determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made . . . ." Gillman v. Chase Manhattan Bank, N.A., 73 N.Y.2d 1, 10 (1988). With regard to procedural unconscionability, "[t]he focus is on such matters as the size and commercial setting of the transaction, whether deceptive or high-pressured tactics were employed, the use of fine print in the contract, the experience and education of the party claiming unconscionability, and whether there was disparity in bargaining power." Id. at 11 (citation omitted). The substantive unconscionability prong focuses on "the substance of the bargain to determine whether the terms were unreasonably favorable to the party against whom unconscionability is urged." Id. at 12.

Plaintiff relies exclusively on one case, Industralease Automated & Scientific Equipment Corp. v. R.M.E. Enterprises, Inc., 396 N.Y.S.2d 427 (App. Div. 1977), in arguing that the disclaimer is unconscionable under New York law. Objection at 3. In Industralease, the owners

---

[1] A contractual disclaimer of the implied warranties of merchantability and fitness for a particular purpose is expressly permitted under the Uniform Commercial Code ("UCC"), adopted in both Minnesota and New York, provided that the writing is conspicuous and, in regard to the implied warranty of merchantability, the language specifically mentions merchantability. MINN. STAT. ANN. § 336.2-316(2) (West 2012); N.Y. U.C.C. LAW § 2-316(2) (McKinney 2012). Plaintiff does not object to Magistrate Judge Lindsay's finding that the disclaimer is conspicuous and unambiguous.

3

of a picnic grove leased a garbage incinerator from the incinerator's manufacturer. 396 N.Y.S.2d at 428. The lease included a "manufacturer's warranty of new equipment." Id. at 428 n.1. In preparation for delivery of the equipment, the picnic grove owners installed a concrete slab, underground wiring and a fuel tank. Id. at 428. However, prior to delivery and shortly before the picnic grove's operating season, the manufacturer insisted that the picnic grove owners sign a new equipment lease with a third party. Id. The new lease contained an unqualified disclaimer of all express and implied warranties, eliminating the manufacturer's warranty and all other implied warranties. Id. Thus the "interposition of the [third party] in the transaction served only the purpose of [the manufacturer] and not of the [picnic grove owners]." Id. at 432.

In holding the disclaimer to be unconscionable, the court in Industralease focused on the contract formation process, emphasizing that the "atmosphere of haste and pressure on the [picnic grove owners was] clearly pervasive." Id. at 432. The court stated that due to the short period before the operating season, the picnic grove owners "were clearly at a disadvantage to bargain further and, indeed, did not profess to understand the size and mechanism of the equipment which would satisfy their needs." Id. The court also relied on its finding that "the evidence plainly establishes that the equipment did not work at all, [and] that it achieved none of the purposes of the parties." Id. With regard to this latter basis for its decision, the court acknowledged that the UCC "prescribes that we are to determine unconscionability as of the time of the making of the contract," but nonetheless stated that it could not "divorce entirely the events which occur later." Id. Plaintiff points to the court's consideration of the subsequent dysfunction of the equipment in Industralease and argues that the sander here has, like the incinerator in Industralease, failed to function as intended, thereby rendering the disclaimer

4

unconscionable. Objection at 4.

Even if the Industralease court was correct to consider the subsequent performance of the equipment in contravention of the UCC's directive to assess unconscionability at the time of contract formation, "Industralease makes clear[ that] the plaintiff still must demonstrate a level of procedural unconscionability." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 788 (2d Cir. 2003). Plaintiff, however, has alleged no flaws in the contract formation process, such as deceptive or high-pressured tactics, to support a determination of unconscionability. The absence of an allegation of procedural unconsionability is fatal to plaintiff's argument, as the case at bar does not constitute one of the "exceptional cases where a provision of the contract is so outrageous as to warrant holding it unenforceable on the ground of substantive unconsionability alone." Gillman, 73 N.Y.2d at 12; see also State v. Wolowitz, 468 N.Y.S.2d 131, 145 (App. Div. 1983) ("While there may be extreme cases where a contractual term is so outrageous and oppressive as to warrant a finding of unconscionability irrespective of the contract formation process, such cases are the exception.") (citation omitted).

In the Objection, plaintiff also cites a Minnesota case, Durfee v. Rod Baxter Imports, Inc., 262 N.W.2d 349 (Minn. 1977), in support of the argument that defendant's disclaimer of implied warranties is unconscionable. The plaintiff in Durfee purchased an automobile and sought to revoke acceptance and rescind the contract after the defendants failed to repair or replace numerous defective parts and the automobile continued to stall repeatedly.[2] Id. at 351-52. The

---

[2]Minnesota law provides that a buyer "may revoke an acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to the buyer." MINN. STAT. ANN. § 336.2-608(1) (West 2012). Goods are conforming "when they are in accordance with the obligations under the contract." Id. at § 336.2-106(2).

5

automobile was expressly warranted to be free from defects in material and workmanship. Id. at 353 n.3. After a bench trial, the trial court found that the defendants breached the warranty but held that the breach did not entitle the plaintiff to rescind the contract. Id. at 352. The plaintiff appealed from the trial court's ruling with respect to the appropriate remedy for the breach, and the appellate court reversed, holding that the defects did substantially impair the value of the automobile to the plaintiff. Id. at 355. The appellate court then considered whether a provision in the owner's manual limiting the buyer's remedy to the repair and replacement of defective parts prevented the plaintiff from exercising the remedy of rescission generally available in a case of substantial impairment. Id. at 356.[3] The court held that the trial court's "explicit finding that the car could not or would not be placed in reasonably good operating condition . . . compels the conclusion that the [part repair-and-replacement] remedy failed of its essential purpose" and that the plaintiff was therefore entitled to revoke acceptance and rescind the contract. Id. at 357-58.

According to Plaintiff, "the defects in the automobile in Durfee were significant enough for that court to disregard the exclusive remedy available to the plaintiff therein and allow for a recovery of the purchase price. The defects in the [s]ander are, at a minimum, as grave as those affecting performance of the automobile in Durfee." Objection at 6.

Plaintiff's reliance on Durfee is misplaced. The court in Durfee did not consider the unconscionability of a disclaimer of implied warranties; rather, it addressed whether a part repair-

---

[3] The UCC states that an "agreement may provide for remedies in addition to or in substitution for those provided in this article . . . , as by limiting the buyer's remedies to . . . repair and replacement of nonconforming goods or parts," but that such a limitation is invalid "[w]here circumstances cause . . . [the] limited remedy to fail of its essential purpose." MINN. STAT. § 336.2-719(1)(a), (2). According to the court in Durfee, "[a]n exclusive remedy fails of its essential purpose if circumstances arise to deprive the limiting clause of its meaning or one party of the substantial value of its bargain." 262 N.W.2d at 356.

6

and-replacement remedy provided for in the contract was adequate to compensate the plaintiff for the defendants' established breach of an express guaranty. Id. at 355-56. Unlike the plaintiff in Durfee, plaintiff fails to adequately alleged that defendant is in breach of any contractual obligation. Plaintiff's reliance on Durfee thus conflates the threshold issue of liability with the subsidiary issue of whether the remedy provided under the contract is adequate. The implied warranty disclaimer acts to shield defendant from liability for the equipment's failure to perform at any particular specifications not expressly guaranteed in the contract, and the mere presence of a remedy limitation clause in the contract cannot provide a basis for not enforcing an otherwise valid disclaimer of implied warranties.

For the foregoing reasons, defendant's disclaimer of implied warranties is enforceable, and plaintiff's breach of implied warranty cause of action must be dismissed. Plaintiff's Objection is accordingly denied.

The Court is satisfied that the remainder of the Report is not facially erroneous.

IV.     Conclusion

For the foregoing reasons, Magistrate Judge Lindsay's Report is adopted as an order of the Court. Defendant's motion to dismiss the Complaint [Docket Entry No. 12] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted to the extent that plaintiff's claims for breach of contract and breach of implied warranty are dismissed with prejudice and plaintiff's claims for breach of express warranty and misrepresentation are dismissed without prejudice. Plaintiff is granted leave to file a second amended complaint in accordance with the Report and this Order within thirty (30) days of the date of entry of this Order; in the event plaintiff fails to do so, plaintiff's claims will be deemed dismissed in their entirety with prejudice and this case

will be closed.

In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order upon all parties and shall record such service on the docket.

**SO ORDERED.**

                                              s/ Sandra J. Feuerstein
                                              Sandra J. Feuerstein
                                              United States District Judge

Dated:        September 21, 2012
                Central Islip, New York.